**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KODY WALSH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-00384-SMY** |
| | ) | |
| **JUSTIN KEMPFER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Kody Walsh alleges that he was subjected to excessive force when we was severely beaten by several corrections officers at Menard Correctional Center while a plastic bag was tied over his face.  He also asserts failure to intervene claims against a number of individuals, including Defendant Lance Phelps, an internal affairs officer at Menard.

Plaintiff served deposition notices for several witnesses and Defendant Phelps.  Defendants requested an extension of the depositions after being informed that Defendants may be indicted on criminal charges related to the matters involved in this case and that there are individuals who are cooperating with the Assistant United States Attorney.  Plaintiff's counsel objected to the request. On November 12, 2019, Magistrate Judge Gilbert Sison held a discovery dispute conference and ordered the deposition of Defendant Phelps to proceed as scheduled. (Docs. 24, 29).

This case is now before the Court for consideration of the Appeal and Supplement Appeal of Magistrate Judge's November 12, 2019 Order regarding Defendant Phelps' deposition (Docs. 25, 26).[1]  A district judge should not disturb a magistrate judge's ruling on a non-dispositive matter

---

[1] The Appeal of Magistrate Judge Decision (Doc. 25) has been resolved by agreement of the parties as to all depositions with the exception of the deposition of Defendant Phelps.

unless it is contrary to law or clearly erroneous.  28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a).  Here, Defendants contend that Judge Sison erred by ordering Defendant Phelps' deposition to be conducted as scheduled because the deposition will likely infringe upon Phelps' Fifth Amendment rights against self-incrimination.  They therefore request that the deposition be postponed "while awaiting further information on criminal indictments." (Doc. 26).

In denying the request to postpone Defendant Phelps' deposition, Judge Sison reasoned that because there is no allegation that Phelps participated in the alleged beating, the concerns related to potential indictment and Phelps' right against self-incrimination were not compelling.[2] The Court agrees with Judge Sison and finds that his decision was not contrary to law or clearly erroneous. While Plaintiff claims that Phelps failed to intervene to protect him, it is undisputed that Phelps was not involved in the alleged excessive force incident; he interviewed Plaintiff after-the-fact.  Moreover, if Phelps believes his right against self-incrimination is implicated based on specific inquiry during his deposition, he may invoke the Fifth Amendment at that time.[3]

Accordingly, Defendants' Appeal and Supplement Appeal of the Magistrate Judge's November 12, 2019 Order (Docs. 25, 26) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 28, 2020**

_s/ Staci M. Yandle_
**STACI M. YANDLE**
**United States District Judge**

---

[2] The Court notes that no indictments have been returned against any defendant the 6 months since the disputed discovery conference.  While indictments are certainly possible, for purposes of the issues before this Court, they are uncertain – particularly with respect to Defendant Phelps.

[3] Defendants have not provided a connection between the cooperation of some individuals with the U.S. Attorney's investigation and Phelps' deposition proceeding, and the Court does not discern any.