THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KODY WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-00384-SMY-GCS |
| | ) | |
| JUSTIN KEMPFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| LUIS PADIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-00504-SMY-GCS |
| | ) | |
| JUSTIN KEMPFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Kody Walsh, an inmate with the Illinois Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Walsh alleges he was assaulted by correctional officers at Menard Correctional Center on February 19, 2018. Plaintiff Luis Padin makes the same allegations. The cases were consolidated for discovery purposes. (Doc. 144). These cases are now before the Court on Plaintiffs' Motion to Compel (Doc. 172), which was referred to the undersigned by District Judge Staci M. Yandle pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(a), and SDIL-LR 72.1. (Doc. 176).

## BACKGROUND

The FBI investigated the alleged assaults of Plaintiffs Walsh and Padin that are the subject of this civil rights lawsuit. In the summer of 2018, Plaintiff Walsh, with his counsel, presented for an interview with Agent Rhue. During the interview, Agent Rhue presented pictures of several guards to Walsh and asked him to identify his attackers from the pictures. In April 2019, Plaintiff Walsh filed his lawsuit and, in May 2019, Plaintiff Padin filed his lawsuit. The U.S. Attorney's Office subsequently revealed to the parties that it was conducting criminal investigations related to the attacks that Plaintiffs detailed in their Complaints. Plaintiffs later learned that at least two guards with intimate knowledge of the attacks were cooperating with the FBI to assist in the investigation.

Plaintiffs' counsel issued subpoenas to FBI Agent Eric Rhue and U.S. Attorney Steven D. Weinhoeft ("Third-Party Federal Respondents") on May 5, 2021. The subpoenas seek:

- Any and all documents encompassing the entire investigation file in possession of the U.S. Attorney's office regarding the beating of Kody Walsh [and Luis Padin] on February 19, 2018 at Menard Correctional Center.
- Any and all documents created by the Federal Bureau of Investigation (FBI) in the course of investigating the beating of Kody Walsh [and Luis Padin] on February 19, 2018 at Menard Correctional Center and in possession of the Federal Bureau of Investigation (FBI) that pertain to the beating of Kody Walsh [and Luis Padin] on February 19, 2018, including but not limited to FBI "302" Reports.
- Any and all video recordings, audio recordings, written statements of any interviews done of witnesses and/or participants to the beating of Kody Walsh [and Luis Padin] on February 19, 2018 at Menard Correctional Center.
- Any and all video recordings, audio recordings, written statements of any interviews done of Kody Walsh [and Luis Padin] pertaining to the

  beating of Kody Walsh [and Luis Padin] on February 19, 2018 at Menard Correctional Center.

- Any and all medical records of Kody Walsh, Luis Padin, and any correctional officers who were injured on February 19, 2018.

- Copies of any statements made by Kody Walsh [and Luis Padin] regarding the assault he suffered at Menard Correctional Center on February 19, 2018.

- Any and all grand jury testimony and/or transcripts of grand jury hearings regarding the beating of Kody Walsh [and Luis Padin] on February 19, 2018 at Menard Correctional Center.

- Any and all exhibits presented to the grand jury in regarding the beating of Kody Walsh [and Luis Padin] on February 19, 2018 at Menard Correctional Center.

- Any and all communications to or from the U.S. Attorney's Office regarding the criminal charging decisions in connection with the beating of Kody Walsh [and Luis Padin] on February 19, 2018 at Menard Correctional Center.

- Any and all memoranda created by the U.S. Attorney's Office regarding the criminal charging decisions in connection with the beating of Kody Walsh [and Luis Padin] on February 19, 2018 at Menard Correctional Center.

In response to the subpoenas, Third-Party Federal Respondents provided redacted reports summarizing the interviews of Plaintiffs conducted by federal agents. They declined, however, to authorize disclosure of the remaining materials on the basis that the requested materials were protected from disclosure by the Privacy Act, the attorney work product doctrine, the law enforcement privilege, and 28 C.F.R. § 16.26(b). After attempts to resolve the matter were unsuccessful, Plaintiffs filed the motion now before the Court.[1]

---

[1] Following the hearing on this motion, the Court issued a Privacy Act Order authorizing the FBI to release to Plaintiffs and Defendants the video recorded interviews of Plaintiffs Walsh and Padin taken by the FBI, as well as the written reports of those interviews (Doc. 189) based on an agreement reached by the parties and Third-Party Federal Respondents.

Plaintiffs seek an Order compelling the production of materials requested by subpoenas issued to FBI Agent Eric Rhue and U.S. Attorney Steven D. Weinhoeft ("Third-Party Federal Respondents"). Plaintiffs contend the refusal to comply with the subpoenas has stonewalled the development of their cases. As such, they cannot prepare for depositions or issue discovery requests without the materials requested. They further argue that they will not be able to obtain information via available discovery devices based on their belief that the Defendants will assert the Fifth Amendment. Plaintiffs additionally argue that the privileges asserted by Third-Party Federal Respondents do not preclude production of the materials and/or have been waived because a privilege log was not produced.

Third-Party Federal Respondents oppose the motion on the grounds that the subpoenas seek materials from an open law enforcement investigation. They contend the materials are protected from disclosure by statute, rule, and/or a number of privileges, and that the U.S. Attorney declined to authorize the release of the materials pursuant to 28 C.F.R. § 16.21, *et seq.* They also argue the subpoenas are unduly burdensome. A hearing was held on December 8, 2021. (Doc. 186).

## DISCUSSION

Plaintiffs and Third-Party Federal Respondents disagree as to the applicable standard under which the Court should review the denial of the subpoena requests. Plaintiffs argue that the subpoenas are governed by the Federal Rules of Civil Procedure. Accordingly, the Court should evaluate the denial under Rules 26 and 45, which govern the scope of discovery and subpoenas. Third-Party Federal Respondents argue that the

denial of the subpoena requests is an agency decision reviewable under the Administrative Procedure Act ("APA") and, as such, the Court may not reverse the decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The disagreement as to the applicable standard of review to apply to a federal agency's decision not to comply with a subpoena is well grounded in a split of authority in the federal courts of appeals. The Fourth and Eleventh Circuits review the agency's decision under the APA's arbitrary and capricious standard, while the D.C., Fifth, Sixth, and Ninth Circuits review under Rules 26 and 45. *See* Wright & Miller, 9A FED. PRAC. & PROC. CIV. § 2463.2, Subpoenas of Administrative Agencies (3d ed. updated May 23, 2022) (internal citations omitted). The Second Circuit initially adopted the arbitrary and capricious standard of review, but later vacated the decision and reserved the question for the future. *Id.* This issue has not been settled in the Seventh Circuit. *See, e.g.*, *Donald v. Outlaw*, No. 2:17-CV-32-TLS-JPK, 2019 WL 3562158, at *3 (N.D. Ind. Aug. 6, 2019)(stating that "[a] review of the applicable case law has convinced the Court that the matter is not fully settled in [the Seventh] circuit."); *Fed. Deposit Ins. Corp. for Valley Bank v. Crowe Horwath LLP*, No. 17 CV 04384, 2018 WL 3105987, at *5 (N.D. Ill. June 25, 2018)(holding that Seventh Circuit case was inapplicable to a case brought in federal court for a subpoena sought under Rule 45 because the APA's provision authorizing judicial review under 5 U.S.C. § 702 constituted a waiver of sovereign immunity)(citing *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312 (7th Cir. 1994)). *But see Barnett v. Illinois State Bd. of Illinois,* No. 02 C 2401, 2002 WL 1560013, at *2 (N.D. Ill. July 2, 2002)(noting that "*Edwards*

unequivocally held that a federal agency's refusal to comply with a subpoena, at least when done 'pursuant to valid agency regulations,' is to be reviewed under the APA.").[2]

Without binding precedent on the applicable standard of review, the Court begins its analysis with the more requester-friendly standard set forth under the Federal Rules, which is relevant under both standards.[3] Under Rule 45, a party may issue a subpoena directing a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession." FED. R. CIV. PROC. 45(a)(1)(A)(iii). The ability to use subpoenas to obtain information from non-parties is not unlimited, however; Rule 45 provides that the issuer of a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. PROC. 45(d)(1).

Courts consider a number of factors when determining if the burden imposed by a subpoena is "undue," including whether: (1) the information requested is relevant; (2) the party requesting the information has a substantial need for the documents; (3) the document request is overly broad; (4) the time period the request covers is reasonable; (5)

---

[2] This Court agrees with the reasoning in *Donald v. Outlaw* as to why *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 314 (7th Cir. 1994) is not determinative on this issue. *See Donald*, 2019 WL 3562158, at *3 (citing *Crowe Horwath LLP*, 2018 WL 3105987, at *4). In *Edwards*, the district court and the Seventh Circuit evaluated the Department of Justice's response to a non-party subpoena under the APA. *Id. Edwards* is distinguishable because it originated in state court, and following removal to federal court by the DOJ, the federal court's jurisdiction to enforce the subpoena at issue was derivative of the state court's jurisdiction. *Id. Edwards* did not address the issue of the applicable standard of review to apply to a federal agency's decision not to comply with a subpoena in a case originating in federal court. *Id.*

[3] Per § 16.26(a)(1) of the *Touhy* regulations, one factor the agency must consider "is whether disclosure is appropriate under the rules of procedure that govern the issue at hand—in this instance, the Federal Rules of Civil Procedure . . . ." *Donald v. Outlaw*, No. 2:17-CV-32-TLS-JPK, 2020 WL 2899689, at *11 (N.D. Ind. June 2, 2020).

the request is sufficiently particular; and (6) compliance with the request would impose a burden on the subpoenaed party. *Winger v. Siddiqui*, No. 19-CV-474-RJD, 2021 WL 4402956, at *4 (S.D. Ill. Sept. 27, 2021) (citations omitted). A court may also limit discovery pursuant to Rule 26(b)(2)(c) if it determines that the requested documents can be obtained from a more convenient or less burdensome source, the requesting party had an opportunity to obtain the information through the normal discovery process, or the information sought is cumulative or duplicative of other discovery. *Id.*

Here, Plaintiffs' requests clearly impose an undue burden on the subpoenaed parties. Many of the documents, if relevant, can be obtained from a more convenient source, *i.e.*, the actual defendants in this action. There are discovery devices available to Plaintiffs which they had not attempted to exhaust prior to filing the motion to compel. Plaintiff's assertion that they need the materials from Third-Party Federal Respondents because they will be unable to obtain information in discovery from Defendants is misguided. A plaintiff does not demonstrate a compelling need to seek duplicative third-party requests simply because a party in the underlying action fails to comply with document requests for the same information. *See Winger*, 2021 WL 4402956, at *4; *Tresóna Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, *3 (N.D. Ill. Aug. 17, 2015).

Moreover, Plaintiffs' concerns here are even more removed, as it appears they merely speculate Defendants will invoke the Fifth Amendment and otherwise object to providing the information sought. Indeed, even if these Defendants were to invoke the Fifth Amendment, it arguably could work to the advantage of the Plaintiffs. If these

Defendants are deposed and they assert the Fifth Amendment in response to questions regarding the assault, the Plaintiffs could use these responses to obtain an adverse inference jury instruction. *See, e.g.*, *Ruiz-Cortez v. City of Chicago,* 931 F.3d 592, 603 (7th Cir. 2019)(stating that "[w]hen a defendant in a civil case invokes the Fifth Amendment, juries are permitted . . . to draw a negative inference against the defendant"); *Hillmann v. City of Chicago*, 834 F.3d 787, 793 (7th Cir. 2016)(noting that in "in a civil case, the jury is permitted to hear evidence of a witness's invocation of the privilege and may draw an adverse inference from it"). This could obviously go a long way to establishing the Plaintiffs' case against the Defendants.

Additionally, the Court does not find compelling Plaintiffs' argument that they cannot prepare for depositions or discovery requests without first obtaining the information from the federal investigation. What Plaintiffs seek is a shortcut; what they have not shown is a substantial or compelling need for this information. They seek production of grand jury materials and other documents in an open law enforcement investigation without using the discovery tools available to obtain information from the Defendants. Quite simply, they have put the cart before the horse.

Based on the foregoing, compliance with the subpoenas cannot be compelled under the Federal Rules of Civil Procedure.[4] Because Plaintiffs have not met the more requester-friendly standard of the Federal Rules, there is no need to conduct an analysis

---

[4] The Court will not exercise its discretion to parse the subpoenas and enforce the production of some smaller subset of information than that which the subpoenas seek. *See* FED. R. CIV. PROC. 45(d)(3)(A)(iv).

under the APA, or to decide which standard of review should apply.

**ACCORDINGLY**, Plaintiffs' Motion to Compel is **DENIED** and the subpoenas are **QUASHED**.

**IT IS SO ORDERED**.

**DATED:  June 16, 2022.**

Digitally signed by Judge Sison 2
Date: 2022.06.16 12:59:20 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**